OPINION OF THE COURT
Shirley Fingerhood, J.
The question raised by the parties’ motion and cross motion for summary judgment pursuant to CPLR 3212 is whether UCC 4-403 (3) requires a bank customer whose check has been honored in violation of a stop order to minimize damages.
*249 Plaintiff, a general contractor, brought the action against defendant bank because it did not honor a valid stop-payment order on a check in the amount of $31,989.80 made payable to third-party defendant Newwall Interior Partitions, Inc. New-wall, which was a subcontractor on five construction contracts, was thereafter sent a second check which plaintiff states covers all of the amounts to which Newwall was entitled.
Plaintiff did not discover that its account had been debited for the amount of the stopped check until February 1989, although the debit for the check was reflected in its November 1988 bank statement. After making an investigation, the bank refused to recredit Newwall’s account and plaintiff commenced this action.
In support of its motion for summary judgment dismissing the complaint, defendant argues, inter alla, that if plaintiff did suffer a loss the fault was its own because a timely inspection of its bank statements would have revealed that the check had not been stopped before it paid Newwall additional moneys.
There is no authority supporting defendant’s argument that plaintiff had a duty to mitigate its damages by examining its bank statement in a timely manner and withholding further payment to the third-party defendant. The cases cited by defendants interpret UCC 4-406 which imposes a duty on the customer plaintiff to examine a statement within a reasonable time to discover that payment has been made on a forged or altered instrument. That statute specifically refers to a forged or altered instrument; it is not applicable where a bank has disregarded a concededly valid stop-payment order.
UCC 4-403, which applies to stop-payment orders, provides only that the customer has the burden to prove a loss. To impose the additional requirement that the customer refuse to make further payments to a payee with which it has a continuing business relationship would place an undue burden on the customer. For the customer would have to conclude that the check which the bank was required to stop had been received and cashed by the payee, and to base its refusal to pay, and a possible breach of contract on that conclusion. If such a burden is to be placed on a customer as a result of a bank’s error, the Legislature should so decide, not the courts.
The Legislature has apparently chosen another way to make a bank whole under such circumstances. UCC 4-407 (c) permits a bank which has paid over a stop-payment order to *250 be subrogated to the rights of the maker of the stopped check and to sue the payee for unjust enrichment. In accordance with that section of the Code, defendant properly brought a third-party action against the third-party defendant, the payee on the stopped check. (See, Hughes v Marine Midland Bank, 127 Misc 2d 209, 216 [Rochester City Ct 1985].)
As for defendant’s argument that it is entitled as subrogee to assert Newwall’s claims against plaintiff, defendant is required on a motion for summary judgment to show that there are such claims. It has not done so.
For the above-stated reasons defendant’s motion to dismiss the complaint is denied and plaintiffs motion for summary judgment is granted and the clerk is directed to enter judgment for plaintiff. The third-party complaint is severed; and the request for sanctions is denied.